IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE FISCHER, D.C. d/b/a
LEBANON CHIROPRACTIC and
LEBANON CHIROPRACTIC CLINIC, S.C.,
individually and on behalf of all others
similarly situated,

Plaintiff,

v.

CONTINENTAL LOSS ADJUSTING
SERVICES, INC., CONTINENTAL
CASUALTY COMPANY, CONTINENTAL
INSURANCE COMPANY and CNA
FINANCIAL CORPORATION,                          No. 08-00416-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Background

On February 15, 2005, Plaintiff Dale Fischer, a chiropractor, filed a Class Action Complaint against Defendants for their improper PPO practices (Doc. 2) in state court in St. Clair County, Illinois. Fischer's claims alleged that Defendants engaged in the practice of taking improper reductions based on purported PPO reductions, taking reductions they had no valid contractual right to or failing to channel patients to the providers in exchange for the PPO reductions.

When the complaint was filed, Dale Fischer, doing business as Lebanon Chiropractic, was the only named plaintiff. Defendants filed a motion to dismiss on May 9, 2005 in state court arguing that Plaintiff's claims were time barred, Plaintiff

lacked standing, and the Court lacked jurisdiction.  On October 9, 2006, the Court rejected the arguments, stating that it was not persuaded that the wrong plaintiff entity was named in the complaint and that the court had jurisdiction over the matter (Doc. 2, Ex, D pp.1-2).  The court did grant Plaintiff leave to amend the complaint by interlineation to identify the applicable entity to the extent there was any discrepancy (Id., Ex. D. p. 1).  More than a year later, Defendants filed a motion for summary judgment on November 20, 2007.  On May 7, 2008, six months after Defendant filed a motion for summary judgment in state court, Plaintiff sought and was granted leave to add his closely held corporation, Lebanon Chiropractic Clinic, S.C. as a plaintiff.

On June 6, 2008, Defendants removed the case to this Court, asserting federal subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA").  Defendants argue that the adding of the new plaintiff constituted a new action triggering federal jurisdiction under CAFA.  Defendants argue that Plaintiffs amended complaint does not relate back to the original complaint because Plaintiff filed an untimely original complaint and lacked standing.  Plaintiffs filed a motion to remand on June 23, 2008, arguing that the amended complaint should relate back to the original complaint and that Plaintiff had standing (Doc. 9).  Defendants filed a response (Doc. 16).  Plaintiffs filed a reply and supplemental authority in support of their motion to remand (Docs. 18 & 19).  Defendants filed a response to the supplemental authority (Doc. 22).

Defendants have also filed a motion for hearing in regards to the motion for

remand (Doc. 17). However, the Court finds that the parties have fully briefed the issues and a hearing is not needed. Therefore, Defendants' motion for hearing (Doc. 17) is **DENIED**.

II. Discussion

A.  Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. Under CAFA, federal courts have jurisdiction in diversity over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy. *See* **28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8);** *Hart v. FedEx Ground Package Sys. Inc.*, **457 F.3d 675, 676-77 (7th Cir. 2006);** *Knudsen v. Liberty Mut. Ins. Co.*, **435 F.3d 755, 758 (7th Cir. 2006).**

Class actions filed in state court in which the statutory prerequisites for federal subject matter jurisdiction under CAFA are met may be removed to federal court. *See* **28 U.S.C. § 1453(b);** *Santamarina v. Sears, Roebuck & Co.*, **466 F.3d 570, 571 (7th Cir. 2006);** *Bemis v. Allied Prop. & Cas. Ins. Co.*, **No.**

05-CV-751-DRH, 2006 WL 1064067, at *2 (S.D. Ill. Apr. 20, 2006)**. A removing defendant has the burden of establishing that the prerequisites for the exercise of federal jurisdiction on removal under CAFA are satisfied and doubts as to the propriety of such removal must be resolved in favor of remand to state court. **See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005); Orbitz, LLC v. Worldspan, L.P., 425 F. Supp. 2d 929, 931 (N.D. Ill. 2006); Fiore v. First Am. Title Ins. Co., No. 05-cv-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005)**.

**B. Analysis**

The central issue is whether a separate action commenced when Lebanon Chiropractic Clinic, S.C. was added as an additional plaintiff. If a new action was commenced then the suit is removable; however, if a new action was not commenced, then the action was filed before the enactment of CAFA and must be remanded.

"CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." **Schillinger v. 360Networks USA, Inc., Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (citations omitted)**. A lawsuit initially is "commenced" for purposes of removal under CAFA when the suit is originally filed in state court. **See Pfizer, Inc. v. Lott, 417 F.3d 725, 726 (7th Cir. 2005)**. Under the law of Illinois, where this action initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a

complaint." **735 ILCS 5/2-201(a)**. Thus, this action was commenced for CAFA purposes on February 15, 2005 when it was filed originally in the St. Clair County circuit court.

However, Defendants argue that the addition of Lebanon Chiropractic Clinic, S.C., in May 2008 commenced a new action triggering federal court jurisdiction under CAFA. According to Defendants, the amended complaint does not relate back to the original complaint because Fischer lacked standing.

Defendants argue that the addition of Lebanon as a plaintiff constituted a new action because the original action lacked jurisdiction. **See *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Unless jurisdiction never attached…substitution for the named plaintiffs is allowed")**. Defendants cite ***Walters v. Edgar*, 163 F.3d 430, 432-22 (7thy Cir. 1998)** for their proposition that the amended complaint did not attach to Plaintiffs' original complaint because Fischer lacked standing and without standing, jurisdiction cannot attach to Fischer's original complaint. However, in Illinois, where this case was filed, standing is not an element of subject matter jurisdiction. ***Lyons v. Ryan*, 324 Ill. App. 3d 1094, 1102 n. 5, 756 N.E.2d 396, 402 n. 5 (2001)**. Rather, lack of standing is an affirmative defense that can be waived or cured. **Id.; see also *Greer v. Illinois Housing Development Authority et al.*, 122 Ill.2d 462, 494, 524 N.E.2d 561, 575 (1988); *Witters v. Hicks*, 338 Ill. App. 3d 751, 761, 790 N.E.2d 5, 14 (5th Dist. 2003)**. The circuit court in denying the Defendants' motion to dismiss,

recognized that it had jurisdiction over this controversy under the Illinois Constitution (Doc. 2, Ex. D p. 2). **See also Ill. Const. Art. VI § 9.** Further, the state court denied Defendants' motion to dismiss for lack of standing because it was not persuaded by Defendants' argument that the wrong plaintiff entity was named in the complaint (Id.). Plaintiff further argues that standing was likely waived when Defendants pursued arbitration.

Defendants argue that Fischer lacked standing to bring the suit because Fischer had no personal dealings of any kind with Defendants and any claim could have only been asserted by Lebanon. However, Lebanon is a closely held corporation whose claim arises from the very same transaction as Fischer's. Illinois law, like federal law, states that "an amendment relates back when it arises out of 'the same transaction or occurrence set up in the original pleading.'" ***Phillips*, 435 F.3d at 788; *Cassidy v. Derek Bryan Ins. Brokers, Ltd.*, 244 Ill. App. 3d 1054, 1060, 613 N.E. 2d 1201, 1206 (1st Dist. 1993).** The Defendant has to be put on notice of the facts upon which the amended complaint is based. ***Castro v. Bellucci*, 338 Ill. App. 3d 386, 391, 789 N.E.2d 784, 788 (1st Dist. 2003); see also *McCorry v. Gooneratne,* 332 Ill. App. 3d 935, 943-44, 775 N.E.2d 591, 599 (1st Dist. 2002) ("later claim 'grew out of the same occurrence' as the claim in the original complaint if the original complaint provided the defendant with all of the information necessary for preparation of the defense for the claim asserted later").** In this case, all that changed with Fischer's amendment to the complaint

was the addition of Lebanon as a plaintiff. Further, the state court found that Fischer had standing when it denied Defendants' motion to dismiss.

Plaintiffs further argues that the amendment was timely and that even if timeliness was an issue, from the evidence gathered during discovery, it is not certain that the applicable entity is the corporation and not the individual, or it could be both. The Court agrees. This is also not a situation where a named plaintiff's claim is dismissed and a new plaintiff later steps into his shoes, although the substitution of a named plaintiff is allowed under *Phillips*. Although Defendants argue that *Phillips* is distinguishable because the court lacked jurisdiction, the state court determined that it had jurisdiction and that Fischer had standing and the state court's ruling constitutes the law of the case. **See *Barrett v. Baylor*, 457 F.2d 119, 124 (7th Cir. 1972) (finding that state court ruling denying motion to dismiss constituted the law of the case).**

Defendants further argue that Plaintiff's claims did not relate back because the tolling of the statute of limitations period is inappropriate where the class representative lacks standing. Defendants rely on ***Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 255 Ill. App.3d 790, 629 N.E.2d 520(1st Dist. 1993)** for their proposition that claims of a new class plaintiff are not a continuation of the suit filed by the original plaintiff without standing. However, the court in *Hess* stated that there was no *per se* rule regarding the dismissal of class claims lacking standing; rather, each case should be decided on a case by case basis. ***Id.* at 809, 629 N.E.2d**

**at 532**. Further, this case is factually distinguishable from the facts in *Hess*. While in *Hess*, the circuit court had dismissed the original plaintiff's allegations, the state court in this case denied Defendants' motion to dismiss. The Plaintiffs also argue that, unlike in Hess, a lack of standing is not apparent upon the face of the complaint because the state court denied Defendants' motion to dismiss on the lack of standing grounds. The Court agrees. ***Id*. at 809, 629 N.E.2d at 533 (citing *Cunningham v. Insurance Co. of North America*, 515 Pa. 486, 493-95, 530 A.2d 407, 411 (1987)).**

Therefore, the addition of Lebanon Chiropractic, S.C. as a plaintiff relates back to the original complaint, and this action was, therefore, commenced before CAFA became effective. Accordingly, the case is not removable under the statute.

### III. Conclusion

Therefore, Plaintiffs' motion to remand (Doc. 16) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of St. Clair County, Illinois, for lack of federal subject matter jurisdiction. Further, Defendants' motion for a hearing (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of December, 2008.

/S/     *David R Herndon*
**Chief Judge**
**United States District Court**